# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| NOEL ALEXANDER ESPINOZA-HERNANDEZ, | ) ) ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) Civil Action |
| v. | ) ) File No.: _____ |
| ARCHWAY SERVICE, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff, Noel Alexander Espinoza-Hernandez, and files his Complaint for damages against the above-named Defendant, Archway Services, Inc., and shows as follows:

### I. PARTIES, JURISDICTION and VENUE

1.

Plaintiff Noel Alexander Espinoza is a resident and citizen of Muscogee County, Georgia who submits himself to the jurisdiction of this Court.

2.

Defendant Archway Service, Inc., ("Archway") is a North Carolina corporation engaged in the business of providing food equipment services and maintenance to supermarket chains in the Southeast. Archway's principal place of business is located at 2316 Kings Road Extension, Shelby, North Carolina 28150. Service of the Summons and Complaint may be served on Archway's registered agent, to wit: Joseph M. Romes, 2316 Kings Road Extension, Shelby, North Carolina 28150.

1

3.

There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. Therefore, this Court has subject matter jurisdiction over the claims asserted herein according to 28 U.S.C. § 1332.

4.

This Court has personal jurisdiction over Defendant Archway.

5.

Due to the substantial business contacts which Archway has in this district and division, Archway is deemed to reside in this district and division. Thus, venue is proper in this district according to 28 U.S.C. § 1391(b)(1).

6.

Venue is also proper under 28 U.S.C. § 1391 (a)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## II. <u>OPERATIVE FACTS</u>

7.

At approximately 5:09 P.M. on December 23, 2020, Defendant's employee, Dennis Alan Griffith, was driving Defendant's vehicle in the line, course and scope of his employment. The vehicle driven by Dennis Alan Griffith is titled and registered in the name of Defendant.

8.

On December 23, 2020, Defendant's employee, Dennis Alan Griffith, was traveling south on Interstate 85 in Cleveland County, North Carolina.

2

9.

At the same time and place, Plaintiff was traveling south on Interstate 85 ahead of Defendant's employee in Cleveland County, North Carolina.

10.

On December 23, 2020, Defendant's employee failed to exercise due care in the operation of his vehicle and negligently struck Plaintiff's vehicle when Defendant's employee failed reduce his speed and otherwise operate his vehicle in a lawful manner and crashed into the rear of Plaintiff's vehicle.

11.

Defendant's employee was at fault for the wreck above set out for failure to reduce speed and otherwise exercise due care in the operation of his vehicle.

12.

Plaintiff was injured and has suffered loss as a direct and proximate result of the December 23, 2020 wreck above set out.

### III. LIABILITY OF DEFENDANT ARCHWAY SERVICE, INC.

13.

Under the doctrine of respondeat superior, and otherwise Defendant Archway Service, Inc. is liable herein and for the torts of its employee who is acting within the scope of his employment, as is the present case.

14.

At the time and place of the December 23, 2020 wreck, Dennis Alan Griffith was employed by Defendant Archway Service, Inc.

15.

At the time and place of the December 23, 2020 wreck, Dennis Alan Griffith was acting in the line, course and scope of his employment for Defendant Archway Service, Inc.

16.

Defendant Archway Service, Inc. is responsible for the December 23, 2020 negligent acts of its employee Dennis Alan Griffith as set out in this Complaint.

17.

Defendant is liable for the following tortious acts and omissions including, but not limited to:

a) Negligently failing to keep and maintain a safe look-out for vehicles on the roadway and failing to reduce speed;

b) Negligently failing to operate a vehicle in a lawful, prudent and safe manner; and

c) Violating the standards of care set forth by the uniform rules of the road proximately causing the injuries and damages suffered by Plaintiff, amounting to negligence *per se*.

### IV. **DAMAGES CLAIMED**

18.

Plaintiff suffered severe and painful injuries to his body as a direct and proximate result of Defendant's negligence and incurred medical expenses for the treatment of his injuries. Upon information and belief, the injuries suffered are permanent, debilitating and will result in future pain and suffering, disability and loss.

19.

Plaintiff has lost wages and loss of earning capacity as a result of Defendant's negligence.

20.

Plaintiff is entitled to recover the following damages:

A. Special damages for medical expenses, past, present, and future;

B. Compensatory damages for all components of physical and mental pain and suffering, injury and disability, past, present, and future; and

C. Lost wages and loss of earning capacity.

## V. PRAYER FOR RELIEF

21.

**WHEREFORE**, Plaintiff prays for judgment against this Defendant as follows:

1. That Summons be issued requiring the Defendant to appear as provided by law to answer this Complaint;

2. That Plaintiff recover special and compensatory damages as permitted;

3. For such other and further relief as is allowed by law and as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for each and every claim and defense for which there is a right to a jury.

Respectfully submitted,

FALLS LAW FIRM, PLLC

By: /s/ H. Lee Falls, III
H. Lee Falls, III, Esquire, NC Bar #36183
David C. Boggs, Esquire, NC Bar #8182
1712 Euclid Avenue
Charlotte, NC 28203
Telephone: 704-314-4845 (Lee Falls)
Telephone: 704-314-4847 (David Boggs)
Facsimile: 704-519-2522
lfalls@fallslawfirm.com
dboggs@fallslawfirm.com

*COUNSEL FOR PLAINTIFFS*